UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SIGN DESIGNS, INC.,   No. 2:11-cv-00313-MCE-KJN

    Plaintiff,

  v.   **MEMORANDUM AND ORDER**

JOHNSON UNITED, INC., dba UNITED SIGN SYSTEMS; CHARLES GAY; ANDREW SOARES; BRIAN CAMPBELL; CALCRAFT CORPORATION,

    Defendants.

Through this action, Plaintiff Sign Designs ("Plaintiff") seeks redress from Defendants pursuant to state law and the Lanham Act[1] for the alleged misappropriation of its trade secrets. Plaintiff originally filed the action in San Joaquin County Superior Court on June 3, 2008. On February 2, 2011, more than two and a half years later, Defendant Calcraft Corporation ("Calcraft"), citing federal question jurisdiction, removed the action to this Court.

---

[1] Codified at 15 U.S.C. § 1125(a).

1

Presently before the Court is Plaintiff's Motion to Remand and For Attorney's Fees. (ECF No. 9.) In support of its motion, Plaintiff contends that removal was untimely. For the reasons set forth below, Plaintiff's motion is granted.[2]

## BACKGROUND[3]

Plaintiff is a California corporation in the business of designing, manufacturing, and selling signs. Plaintiff alleges that, while employed by Plaintiff, Defendants Charles Gay and Andrew Soares acquired design drawings and photographs belonging to Plaintiff. Defendant United Sign Systems ("USS") later hired Mr. Gay and Mr. Soares, thereby gaining access to the design drawings and photographs. According to Plaintiff, USS altered the design drawings and photographs to conceal their origin, and sold them to customers falsely representing them as its own. Calcraft also purportedly used the design drawings and photographs during the course of its business without proper attribution to Plaintiff.

On February 22, 2010, Plaintiff filed the First Amended Complaint ("FAC") in state court. The Third Cause of Action pled in the FAC specifically involves the Lanham Act and is captioned "Lanham Act: False Designation of Origin - 15 U.S.C. § 1125(a)."

---

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[3] The factual assertions in this section are based on the allegations in Plaintiff's Second Amended Complaint unless otherwise specified.

1  Plaintiff's Lanham Act claim alleges so-called "reverse passing
2  off" in claiming that Defendants wrongfully misappropriated
3  Plaintiff's designs, altered them to conceal their true origin,
4  then passed off the designs as their own.  On March 23, 2010,
5  Calcraft filed a demurrer to the FAC, specifically responding to
6  the Lanham Act claim.
7       On May 27, 2010, Plaintiff filed the Second Amended
8  Complaint ("SAC"), again expressly purporting to state a claim
9  for reverse passing off pursuant to the Lanham Act.  Like its
10 predecessor, the SAC specifically captions its Third Cause of
11 Action as being made under the Lanham Act.  Moreover, the SAC
12 reiterates that Defendants "wrongfully misappropriated ...
13 Plaintiff's design drawings and photographs ... (a) altered them
14 to conceal their true origin, (b) used them to unlawfully solicit
15 Plaintiff's customers ... and (c) sold them to those customers
16 falsely designating their origin."
17      On January 4, 2011, Plaintiff served Calcraft with an
18 interrogatory response alleging that USS had bid on signage jobs
19 using "design drawings and/or feature of those drawings ...
20 copied with only slight modification from the design drawings
21 prepared and/or photographs taken by [Plaintiff]."  (Pl.'s
22 Interrog. Resp. 4.)  Despite the Lanham Act claim clearly
23 articulated in both the FAC and the SAC, Calcraft contends that
24 the interrogatory response provides the first notice to
25 Defendants that Plaintiff was pursuing a federal claim: namely, a
26 claim made pursuant to the Federal Copyright Act.
27 ///
28 ///

3

On the basis of the January 4, 2011 interrogatory responses, which Calcraft contends triggered its right to remove this matter, Calcraft asserts that its subsequent February 2, 2011 removal was timely.

## ANALYSIS

**A.   Motion To Remand**

It is fundamental that federal courts are courts of limited jurisdiction. Vacek v. United States Postal Serv., 447 F.3d 1141, 1145 (9th Cir. 2006). As a result, there is a "strong presumption" against removal jurisdiction, and the defendant bears the burden of establishing that removal is proper. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Generally, a notice of removal must be filed within thirty days from the date the Defendant receives the initial complaint. 28 U.S.C. § 1446(b). However, if the case stated by the initial complaint is not removable, the notice of removal must be filed within thirty days of receipt of an amended pleading, notice, or other paper from which it can be ascertained that the case is removable. Id. Federal question jurisdiction is established if a plaintiff pleads a colorable claim arising under the Constitution or laws of the United States. Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006).

On February 22, 2010, Plaintiff filed the FAC. As its Third Cause of Action in the FAC, Plaintiff expressly asserts a Lanham Act claim. (Notice of Removal ¶ 5.)  The SAC, filed May 27, 2010, also contains a claim made pursuant to the Lanham Act. Id.

4

A claim arising under the Lanham Act states a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Calcraft did not file its Notice of Removal until February 2, 2011. Because the Notice of Removal was filed more than thirty days after both the FAC and the SAC, removal is defective if either amended complaint contains a colorable claim arising under the Lanham Act. See 28 U.S.C. § 1446(b).

Calcraft contends that the SAC does not assert a claim arising under the Lanham Act because the Lanham Act is preempted by the California Uniform Trade Secrets Act ("CUTSA"). This argument is wholly unpersuasive and conflicts with fundamental precepts of constitutional law. Calcraft cites K.C. Multimedia, Inc. v. Bank of America Technology and Operations, Inc. for the proposition that CUTSA preempts all non-contractual claims arising out of the same nucleus of operative fact. 171 Cal. App. 4th 939. However, it is fundamental that state law cannot preempt a federal statute. See Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 612 (1979). Further, K.C. Multimedia stands only for the proposition that CUTSA preempts California common law arising out of the same nucleus of operative fact as the misappropriation of trade secrets claim. 171 Cal. App. 4th at 957. There is absolutely no authority for Calcraft's erroneous contention that CUTSA in any way preempts federal law.

Calcraft next contends that removal was timely because Plaintiff's Lanham Act claim is clearly foreclosed by Supreme Court precedent, and is therefore not colorable.

///
///

A claim is colorable unless it "is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." See Arbaugh v. Y&H Corp., 546 U.S. 500, 513 n.10 (2006) (internal quotations omitted). Plaintiff asserts a "reverse passing off" claim pursuant to the Lanham Act arising out of the alleged theft, alteration, and resale of Plaintiff's design drawings and photographs by Defendants without properly attributing their origin to Plaintiff.

Plaintiff's ability to succeed on the merits of its Lanham Act claim may indeed ultimately be foreclosed by a recent Supreme Court decision. In Dastar Corp. v. Twentieth Century Fox Film Corp., Fox brought a reverse passing off claim pursuant to the Lanham Act after Dastar edited videotapes in the public domain, originally produced by Fox, and sold them without stating their origin. 539 U.S. 23 (2003). In concluding that Fox could not bring a Lanham Act claim, the Supreme Court held that a reverse passing off claim is limited to cases involving the failure to properly attribute the origin of tangible goods, as opposed to the origin of the ideas or communications the goods contain. Id. at 32. The Supreme Count nonetheless stated in dicta that a claim for reverse passing off "would undoubtedly be sustained if [defendant] had bought some of [plaintiff's] videotapes and merely repackaged them as its own." Id. at 31.

Although Dastar may limit Plaintiff's ability to ultimately succeed on the merits, Plaintiff's reverse passing off claim is colorable, as it is not wholly insubstantial and frivolous. Reading the Complaint in a light most favorable to Plaintiff, Dastar is distinguishable.

6

1  Plaintiff appears to be claiming that Defendants made no
2  substantive change to the design drawings and photographs, merely
3  altering them "to conceal their true origin." (SAC ¶ 33.) As a
4  result, Defendants arguably repackaged Plaintiff's essentially
5  unaltered tangible product, and sold it without attribution.
6  This plausible reading of Plaintiff's Complaint brings the
7  instant case within the purview of the dicta in Dastar.
8  Consequently, despite some skepticism of Plaintiff's ability to
9  ultimately succeed on the merits of its Lanham Act claim, the
10 Court concludes that Plaintiff states a colorable claim arising
11 under federal law in the FAC and the SAC.
12      Further, removal is defective irrespective of whether the
13 SAC states a colorable Lanham Act claim because the Plaintiff's
14 interrogatory response is not materially different from the
15 allegations in the SAC. In the SAC, Plaintiff alleges that
16 Defendants "wrongfully missapropriated" its design drawings and
17 photographs. In its interrogatory response, Plaintiff alleges
18 that Defendant "copied" Plaintiff's design drawings and
19 photographs with slight modification. Use of the word 'copied'
20 instead of the phrase 'wrongfully misappropriated' does not
21 fundamentally alter the character of the allegations contained in
22 the SAC. Therefore, even assuming, arguendo, that the
23 interrogatory response, taken alone, establishes removal
24 jurisdiction, both amended complaints necessarily do so as well.
25 Consequently, Calcraft's removal is defective whether or not the
26 interrogatory response is sufficient to establish federal
27 question jurisdiction.
28 ///

7

**B.   Attorney's Fees**

An order remanding a case "may require payment of just costs and actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The decision to award attorney's fees is left to the discretion of the Court. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Absent unusual circumstances, a court may not award attorney's fees pursuant to § 1447(c) unless "the removing party lacked an objectively reasonable basis for seeking removal." Id. In the instant case, Calcraft lacked an objectively reasonable basis for seeking removal. Both the FAC and SAC explicitly state, on the face of the complaint, a cause of action arising under the Lanham Act. As a result, Calcraft had notice on or before February 22, 2010 that Plaintiff seeks relief pursuant to a claim arising under federal law. Further, Defendant filed a demurrer to the FAC challenging Plaintiff's Lanham Act claim on March 23, 2010.

Despite receiving notice of, and filing a dumurrer to, Plaintiff's Lanham Act claim, Calcraft did not file notice of removal for almost a year. Calcraft finally gave notice of removal on February 2, 2011, which resulted in an April 25, 2011 state court trial date being vacated. Calcraft removed the case at this point despite having already requested and received a continuance of the original January 4, 2011 trial date from state court. Further, as detailed above, Calcraft's central argument for the timeliness of its notice of removal, the preemption of the Lanham Act by CUTSA, is wholly without merit.
///

Finally, although Calcraft's reliance on Dastar provides some support for the conclusion that Plaintiff may not be able to succeed on the merits of its Lanham Act claim, Plaintiff's interrogatory response clearly does not alter the factual allegations made by Plaintiff in both the FAC and the SAC. Because those allegations gave rise to a colorable federal claim, on the basis of either the FAC or the SAC, Calcraft's removal was clearly untimely.

Since Calcraft lacked an objectively reasonable basis for removal, an award of attorney's fees is proper. Plaintiff requests an hourly rate of $250.00. That rate is commensurate with rates previously approved by this Court. In its breakdown of the total hours spent as a result of the removal, however, Plaintiff includes 2.5 hours for travel time to, and attendance at, the hearing on this matter. Because the Court did not hold a hearing, Plaintiff's request will be reduced by 2.5 hours to 24.7 hours for a total of $6,175.00 in attorney's fees.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Remand and to Award Attorney's Fees (ECF No. 9) is hereby GRANTED pursuant to 28 U.S.C. § 1447(c). The case is accordingly transferred to the originating state court, the Superior Court of California, County of San Joaquin, for final adjudication.

///
///
///

9

Defendant Calcraft is ordered to pay Plaintiff's attorney the sum of $6,175.00 not later than twenty (20) days following the date of this Memorandum and Order.  The Clerk of Court is ordered to close the case, subject to the Court's continuing jurisdiction to ensure that the award of attorney's fees is properly satisfied.

   IT IS SO ORDERED.

 Dated: April 21, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE